

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG
F. #2018R01021

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 15, 2020

By ECF

The Honorable I. Leo Glasser
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Benjamin Bifalco
             Criminal Docket No. 19-444 (ILG)

Dear Judge Glasser:

      The government respectfully submits this letter to request an adjournment of the sentencing scheduled for December 22, 2020, which is currently set to be conducted by teleconference. As set forth below, no "specific reasons" exist that the sentencing "cannot be further delayed without serious harm to the interests of justice," as required by the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 (the "CARES Act"). Accordingly, the government respectfully submits that the sentencing should be adjourned until it can be conducted in person.

      As a general matter, sentencings must take place in person. The CARES Act provides a limited exception to that rule. Specifically, pursuant to Section 15002(b)(2) and (4) of that law, a sentencing proceeding "may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available," if:

    (1)    "the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States";

    (2)    the Chief Judge "specifically finds . . . that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be

(continued)

        conducted in person without seriously jeopardizing public health and safety";

(3)    "the district judge in a particular case finds for specific reasons that the . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice"; and

(4)    the defendant consents to proceeding by video conference "after consultation with counsel."

See generally United States v. Harry, No. 19-CR-535 (DLI), 2020 WL 1528000, at *2 (E.D.N.Y. Mar. 31, 2020) (discussing the CARES Act's requirements for sentencings).

      On March 29, 2020, the Judicial Conference found that COVID-19 would materially affect the functioning of the federal courts generally. See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic, https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic; see also Harry, 2020 WL 1528000, at *2 ("On March 29, 2020, the JCUS made the appropriate findings under the CARES Act."). On March 30, 2020, Chief Judge Roslynn R. Mauskopf issued Administrative Order No. 2020-13, which found that sentencing proceedings "cannot be conducted in person without seriously jeopardizing public health and safety." See Admin. Order 2020-13 ¶ 2 (E.D.N.Y. Mar. 30, 2020). On September 21, 2020, Chief Judge Mauskopf issued Administrative Order No. 2020-13-2, extending her findings for another 90 days. See Admin. Order 2020-13-2 ¶ 2 (E.D.N.Y. Sept. 21, 2020). On December 3, 2020, Chief Judge Mauskopf issued Administrative Order No. 2020-26-1, requiring sentencings and other criminal proceedings to be conducted remotely unless the defendant declined to waive his right to be physically present. See Admin. Order 2020-26-1 ¶ 5 (E.D.N.Y. Dec. 3, 2020). Thus, the first two CARES Act requirements are satisfied.

      Nevertheless, the third requirement — that "specific reasons" exist that the sentencing in this case "cannot be further delayed without serious harm to the interests of justice" — is not satisfied under the facts of this particular case at this particular time. The defendant is not currently in custody and therefore there is thus no risk that adjourning the sentencing proceeding would prejudice the defendant by causing him to serve more time imprisoned than he otherwise would.

      Further, a generalized interest in achieving finality or accepting responsibility and moving forward is not sufficient to satisfy the CARES Act. Those interests would exist in every case and would not constitute "specific reasons" that any further delay would cause "serious harm to the interests of justice."

The government therefore respectfully requests that the sentencing scheduled for December 22, 2020 be adjourned until such time as the defendant can safely appear in person. The government has conferred with counsel for the defendant, who has indicated that he joins in this request.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:    /s/
Elizabeth Geddes
Assistant U.S. Attorney
(718) 254-6430

cc:    Vincent J. Martinelli, Esq. (by ECF)